UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GARY GRIFFIN,

               Petitioner,

   v.                                                9:19-CV-0155
                                                         (GLS/DJS)

JAMIE LAMANNA,

               Respondent.
_____

APPEARANCES:                                       OF COUNSEL:

GARY GRIFFIN
Petitioner pro se
11-A-2075
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

GARY L. SHARPE
Senior United States District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

On January 29, 2019, petitioner Gary Griffin filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as well as an application to proceed *in forma pauperis* ("IFP"). Dkt. No. 1, Petition ("Pet."), Dkt. No. 2, IFP application.[1] On the same day, petitioner also submitted the statutory filing fee. Text Order dated 02/07/19 (identifying receipt number for transaction).

**II.    IFP APPLICATION**

---

[1] Under the prison "mailbox rule," a petitioner's application is deemed filed on the date he delivers it to the prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988)

Petitioner's IFP application is denied for two reasons. First, petitioner paid the filing fee, so his IFP application is moot. Second, the IFP application is not certified or signed by an appropriate prison official "showing the amount of money or securities that the petitioner has in any account in the institution." Rule 3(a)(1)-(2), Rules Governing Section 2254 Cases in the United States District Courts.

However, for the reasons that follow, petitioner is directed to file an affirmation addressing the issues discussed herein within thirty (30) days.

## III. THE PETITION

Petitioner challenges a 2011 judgment of conviction in Ulster County, upon a jury verdict, of first degree murder, second degree conspiracy, first degree intimidating a victim or witness, first degree tampering with a witness, second degree criminal possession of a weapon, and second degree criminal facilitation. *People v. Griffin*, 128 A.D.3d 1218, 1218 (3rd Dep't 2015); *see also* Pet. at 1-2.[2] The New York State Supreme Court, Appellate Division, Third Department, affirmed the judgment and, on April 7, 2016, the New York Court of Appeals denied leave to appeal. Pet. at 2-3; *Griffin*, 128 A.D.3d at 1221, *lv. denied*, 27 N.Y.3d 998 (2016). On July 7, 2016, the Court of Appeals denied petitioner's request for reconsideration. *People v. Griffin*, 27 N.Y.3d 1151 (2016).

Sometime thereafter, petitioner filed a motion to vacate his judgment pursuant to New York Criminal Procedure Law § 440. Pet. at 3-4, 48-49. The motion was denied on January 24, 2017. *Id.* The Third Department then denied petitioner's request for leave to appeal on March 28, 2017. *Id.* at 49.

---

[2] Citations to the petition refer to the pagination generated by CM/ECF, the Court's electronic filing system.

Petitioner also alleges he filed three writs for error of coram nobis. Pet. at 54-55.[3] Petitioner does not provide the dates for which any of these motions were filed. However, pursuant to the information in the petition and the Court's own research, the dates of the motions' denials are as follows. The first was denied by the Third Department on July 14, 2017, and, on October 16, 2017, the Court of Appeals denied leave to appeal. *Id.* at 4-5; *People v. Griffin*, 30 N.Y.3d 980 (2017). The second was denied by the Third Department on April 5, 2018, and, on June 28, 2018, the Court of Appeals denied leave to appeal. Pet. at 4; *People v. Griffin*, 31 N.Y.3d 1117 (2018). The third appears to have been denied by the Third Department on September 27, 2018, and, on December 18, 2018, the Court of Appeals denied leave to appeal. *People v. Griffin*, 32 N.Y.3d 1125 (2018).

Petitioner contends that he is entitled to federal habeas relief because (1) his due process rights were violated when knowingly perjured testimony was presented during his grand jury proceedings, rendering them defective (Pet. at 6-9); (2) there was prosecutorial misconduct during the trial when the People knowingly allowed an expert witness to falsely testify (*id.* at 10-14); (3) petitioner's Fourth Amendment rights were violated when his arrest was not supported by probable cause (*id.* at 15-16); (4) trial counsel was ineffective for (a) failing to move to dismiss the indictment, (b) failing to renew his challenge to the sufficiency of the evidence, (c) compelling petitioner to testify during trial, (d) failing to challenge the expert witness's credentials, (e) failing to consult with his own expert witness, and (f) shifting the burden of proof improperly during his opening statement (*id.* at 17-36); and (5) appellate counsel was ineffective for (a) failing to raise the *Brady* violation on direct appeal and (b)

---

[3] In the petition, petitioner only identifies two motions.

failing to raise trial counsel's ineffectiveness on direct appeal (*id.* at 37-46). For a complete statement of petitioner's claims, reference is made to the petition.

## IV. DISCUSSION

### A. Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, established a one-year statute of limitations for prisoners to seek federal review of their state court criminal convictions. 28 U.S.C. § 2244(d)(1). The one-year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 & n.9 (2012).[4]

For purposes of section 2244, a state conviction becomes "final" when the United States Supreme Court denies an application for a writ of certiorari or when the time to seek certiorari has expired, which is ninety days after the date on which the highest court in the state has completed direct review of the case. *Gonzalez*, 565 U.S. at 150; *Saunders v. Senkowski*, 587 F.3d 543, 547-49 (2d Cir. 2009).

The one-year limitation period under AEDPA is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Saunders*, 587 F.3d at 548. The tolling provision "excludes time during which properly filed state relief applications are pending, but does not

---

[4] Other dates from which the limitations period may start running are the date on which an unconstitutional, state-created impediment to filing a habeas petition is removed, the date on which the constitutional right on which the petitioner bases his habeas application was initially recognized by the Supreme Court, if the right was newly recognized and made retroactively applicable, or the date on which the factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence (newly discovered evidence). 28 U.S.C. § 2244(d)(1)(B)-(D). None of the bases for a later date upon which the statute of limitations could have begun to run appear to apply in this case.

4

reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam). The tolling provision excludes from the limitations period only the time that the state relief application remained undecided, including the time during which an appeal from the denial of the motion was taken. *Saunders*, 587 F.3d at 548; *Smith*, 208 F.2d at 16.

Moreover, AEDPA's one-year statute of limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). To warrant equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008). Courts have also recognized an equitable exception to the one-year statute of limitations under 28 U.S.C. §2244(d)(1) in cases where a petitioner can prove actual innocence. *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1928, 1931 (2013). However, a petitioner's lack of legal knowledge does not constitute extraordinary circumstances preventing him or her from filing a timely petition. *Jenkins v. Greene,* 630 F.3d 298, 305 (2d Cir. 2010); *see Smith,* 208 F.3d at 18 (noting that a petitioner's pro se status does not establish sufficient ground for equitable tolling).

In this case, as petitioner outlines in his petition, his conviction was affirmed by the Court of Appeals on April 7, 2016, and leave for reconsideration was denied on July 7, 2016. Pet. at 2-3; *Griffin*, 27 N.Y.3d at 988, *recon. denied*, 27 N.Y.3d at 1151. Petitioner's conviction became "final" for purposes of the AEDPA ninety days later, on October 5, 2016, when the time to seek certiorari expired. *Thaler*, 565 U.S. at 149; *Dove v. Lee*, No. 9:12-CV-738 (FJS/CFH), 2015 WL 893071, at *3, n.7 (N.D.N.Y. Mar. 2, 2015) (beginning ninety day

5

calculation after the Court of Appeals denied petitioner's motion for reconsideration). Petitioner had one year from that date, or until October 5, 2017, to file a timely federal habeas petition. The present petition, signed on January 29, 2019, is approximately fifteen months too late.

Petitioner correctly contends that, pursuant to 28 U.S.C. § 2244(d)(2), statutory tolling applies for the time that his 440 and coram nobis motions were being litigated. Pet. at 54-55. However, petitioner fails to indicate when he initially filed his 440 motion or any of his three coram nobis motions. Accordingly, the gaps between the dates that the motions were denied, representing the period where statutory tolling would not apply, totals 588 days.[5] This exceeds the time during which petitioner could timely file the present petition by 223 days.

The Court notes this calculation is not an accurate reflection of the time periods for tolling, because it omits the time the motions were pending (i.e. after they were filed and prior to their

---

[5] Given the dates provided in the petition and uncovered through the Court's own research, the statute of limitations ran: 111 days between the date petitioner's conviction became final and the date his 440 motion was denied (10/5/2016 through 1/24/2017); 171 days between the date the 440 motion was denied and the date the first coram nobis was denied by the Third Department (1/24/2017 through 7/14/2017); 171 days between the date leave to appeal was denied in the first coram nobis and the Third Department denied the second coram nobis (10/16/2017 through 4/5/2018); 93 days between the date leave to appeal was denied in the second coram nobis and the Third Department denied the third coram nobis; and 42 days between the date leave to appeal was denied in the third coram nobis and the date the present petition was signed.

disposition). Depending on when the actions were commenced and their duration, petitioner's action may or may not be untimely. Given the present information, it is impossible to tell.

The Supreme Court has held that the district court may raise the statute of limitations issue sua sponte, but before the court may dismiss the petition sua sponte on that basis, the petitioner is entitled to notice and an opportunity to be heard regarding the timeliness issue. *Day v. McDonough*, 547 U.S. 198, 209-11 (2006). Accordingly, the Court will give petitioner an opportunity to file a written affirmation **within thirty (30) days** of the filing date of this Decision and Order explaining why the statute of limitations should not bar his petition. The affirmation shall not exceed fifteen (15) pages in length. If petitioner fails to comply with this order, this petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

**V.  CONCLUSION**

**WHEREFORE**, it is

**ORDERED** that petitioner's IFP application (Dkt. No. 2) be **DENIED**; and it is further,

**ORDERED** that petitioner may file a written affirmation, **within thirty (30) days** of the filing date of this Decision and Order, explaining why the statute of limitations should not bar this petition. The affirmation shall not exceed fifteen (15) pages in length. Petitioner should state the date(s) upon which he filed any state court applications for relief in which he challenged his conviction, including the name and location of the court(s) in which he filed each application, and the date(s) upon which the application(s) were denied. If petitioner is asking the court to equitably toll the limitations period, he must set forth facts establishing a basis for the application of equitable tolling as stated above. If petitioner is asking the Court to apply an equitable exception to the limitations period, he must set forth facts establishing a

basis for doing so. No answer to the petition will be required from the respondent until petitioner has submitted the required affirmation, and the Court has had the opportunity to review his arguments; and it is further

**ORDERED** that upon petitioner's submission of the written affirmation, the Clerk shall forward the entire file to the court for review; and it is further

**ORDERED** that if petitioner fails to submit the required affirmation, this petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d) with no further order from the Court; and it is further;

**ORDERED** that the Clerk is directed to serve a copy of this Order on petitioner in accordance with the Local Rules.

February 12, 2019
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge