UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GARY GRIFFIN a/k/a G-MONEY,

                Petitioner,              9:19-cv-155
                                                                           (BKS/DJS)

          v.

JAMIE LAMANNA,

                Respondent.
_____

## SUMMARY ORDER

On October 4, 2023, Magistrate Judge Daniel J. Stewart issued a Report-Recommendation and Order (R&R), which recommends that petitioner Gary Griffin's petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 be denied and dismissed and that no certificate of appealability should be issued pursuant to 28 U.S.C. § 2253(c)(2). (Dkt. No. 29.)  Pending is Griffin's objection to the R&R.  (Dkt. No. 37.)[1]  For the reasons set forth below, the R&R is adopted in its entirety.

Griffin commenced this proceeding pro se by filing a petition for habeas corpus relief following his conviction in New York State court of

---

[1] After Griffin filed his objection through counsel on October 18, 2023, (Dkt. No. 30), counsel requested, and was granted, additional time to supplement the objection, (Dkt. Nos. 31, 32, 33, 34, 35, 36).  Ultimately, Griffin filed a new objection, (Dkt. No. 37), which, upon review of both documents, the Court treats as superceding and replacing the original.  Griffin's new objection, which is single-spaced and fails to contain pagination, is not in compliance with Local Rule 10.1(a).  Those defects are, however, overlooked in the interest of justice.

first degree murder, second degree conspiracy, first degree intimidating a victim or witness, first degree tampering with a witness, second degree criminal possession of a weapon, and second degree criminal facilitation in Ulster County in 2011.  (Dkt. No. 1.)  In a February 2020 Decision and Order, the Court, among other things, outlined the grounds for habeas relief alleged in the petition.  (Dkt. No. 5.)  Respondent Jamie Lamanna thereafter answered, filed a responsive memorandum of law, and the state court records, (Dkt. Nos. 17, 18, 19), and Griffin filed a traverse, (Dkt. No. 27).  After briefing was closed, attorney Jasper Lee Mills, III appeared on Griffin's behalf.  (Dkt. No. 28.)

The Court's February 2020 Decision and Order outlined Griffin's grounds for relief as follows:

> Petitioner contends that he is entitled to federal habeas relief because (1) his due process rights were violated when knowingly perjured testimony was presented during his grand jury proceedings, rendering them defective; (2) there was prosecutorial misconduct during the trial when the prosecutor knowingly allowed an expert witness to falsely testify; (3) petitioner's Fourth Amendment rights were violated when his arrest was not supported by probable cause; (4) trial counsel was ineffective for (a) failing to move to dismiss the indictment, (b) failing to renew his challenge to the sufficiency of the evidence, (c) compelling petitioner to testify during trial, (d) failing to challenge the expert witness's

>credentials, (e) failing to consult with his own expert witness, and (f) shifting the burden of proof improperly during his opening statement; and (5) appellate counsel was ineffective for (a) failing to raise the Brady violation on direct appeal and (b) failing to raise trial counsel's ineffectiveness on direct appeal.

(Dkt. No. 5 at 3.)

The R&R first explained that certain grounds for relief were not cognizable on habeas review. Specifically, the first ground, related to the grand jury proceedings, and the third ground, regarding Griffin's arrest, were dismissed as not cognizable. (Dkt. No. 29 at 5-6.) The R&R noted in a footnote, along the same lines, that Griffin's contention that trial counsel was ineffective for failing to seek dismissal of the indictment related to the alleged grand jury perjury was also not cognizable. (*Id.* at 6 n.4.)

With respect to the second ground for relief, which contends that the prosecutor suborned perjury from an expert when he testified that he was "certified" by the Department of Criminal Justice Services (DCJS) as an instructor, the R&R concluded that Griffin's claim of prosecutorial misconduct was not supported by the facts; more directly, there was no proof that the testimony about certification was false, and, as the state

court found in resolving a N.Y. CPL § 440.10 motion on the issue, even if the testimony was false, it was harmless given the witness' other qualifications as an expert. (*Id.* at 9.)

The fourth ground for relief, concerning the effectiveness of trial counsel, was found to be meritless by the R&R too. (*Id.* at 10-15.) The argument that counsel was ineffective for challenging the sufficiency of the evidence was without merit because, on direct appeal, the Appellate Division, Third Department, specifically rejected it and that resolution does not reflect an unreasonable application of clearly establish federal law. (*Id.* at 10-11.) Griffin's contention that counsel was ineffective for compelling him to testify was meritless, explains the R&R, because the state court found that, as a factual matter, Griffin was not forced to testify, and he has failed to show by clear and convincing evidence that the factual finding is erroneous. (*Id.* at 12.) The R&R also found no merit in Griffin's claims that counsel was ineffective for failing to challenge the gang expert based on his allegedly false testimony about being DCJS certified, failing to consult with his own gang expert, and supposedly improperly shifting the burden of proof to Griffin during his opening statements. (*Id.* at 13-15.)

Lastly, the R&R rejects the arguments about appellate counsel's ineffectiveness for failing to argue that *Brady* violations tainted the grand jury proceedings, trial counsel was ineffective for not seeking suppression of photographs depicting Griffin's tattoos because they were obtained following an arrest without probable cause, and trial counsel's failure to object to various statements made by the prosecutor in summation was ineffective.  (*Id.* at 15-17.)

This court reviews *de novo* those portions of the magistrate judge's findings and recommendations that have been properly preserved with a specific objection.  See *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C).  "A proper objection is one that identifies the specific portions of the [report-recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (internal quotation marks omitted).  Properly raised objections must be "specific and clearly aimed at particular findings" in the report.  *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009).  Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error.  *Id.*  To the extent a party

makes "merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments" in the original submission, the Court will only review for clear error. *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

Griffin, through counsel, now objects to the R&R, largely mischaracterizing it and the original grounds for habeas relief alleged in the petition. (Dkt. No. 37.) Of his eleven numbered objections, most of them merely rehash the arguments made in the underlying briefing, and others make new arguments for relief that were not included in his petition.[2] Griffin specifically objects only with respect to his claim that the R&R improperly relies on *DeVivo v. Superintendent, Auburn Correctional Facility*, No. 9:02CV0840, 2006 WL 581145, at *1 (N.D.N.Y. Mar. 8, 2006) to conclude that his claim that trial counsel was ineffective for failing to

---

[2] Specifically, Griffin makes the following arguments for the first time: (1) "Objection 1": that he is entitled to relief because perjury continued throughout his trial, (Dkt. No. 37 at 1-2); (2) "Objection 4": that there was misconduct based upon the prosecutor's summation, (*id.* at 5-6); (3) "Objection 6": that he is entitled to relief because there was a lack of corroboration pursuant to N.Y. Crim. Proc. Law § 60.22(1) and counsel failed to challenge the sufficiency of the evidence on this basis, (*id.* at 6-7); and (4) "Objection 9": that appellate counsel was ineffective for failing to seek suppression of certain photos on *People v. Molineux*, 168 N.Y. 264 (1901), grounds, (*id.* at 8). The Court will not consider these new arguments because "in habeas cases, courts will not consider any claims raised by a petitioner in his objections which were not raised in the petition." *Tripp v. Superintendent*, No. 21-cv-406, 2023 WL 7383170, at *5 (N.D.N.Y. Nov. 8, 2023) (collecting cases). With the exception of the specific objection identified above, the remainder of Griffin's objection merely rehashes the arguments presented to Magistrate Judge Stewart.

seek dismissal based upon perjured testimony during the grand jury proceedings was not cognizable.  (Dkt. No. 37 at 6.)  In general, Griffin's objection also repeatedly characterizes the R&R as "arbitrary and capricious," and contends that it is "clearly erroneous and contrary to law and asks for review . . . under a de novo standard."  (*Id.* at 1.)

Consistent with the applicable standard of review, the rehashed arguments implicate review for clear error, while the specific objection triggers de novo review.  Taking up the specific objection first, regarding the R&R's conclusion that Griffin's ineffective assistance of counsel claim based on trial counsel's failure to move to dismiss the indictment because of alleged defects in the grand jury proceedings is not cognizable, (Dkt. No. 37 at 6), the Court concludes on de novo review, as did the R&R, that this ground for relief is not cognizable.

Where a "grand jury's determination whether to indict [a] particular defendant[] for the offenses with which [he] w[as] charged" was potentially affected by an error, a "subsequent guilty verdict means not only that there was probable cause to believe that the defendant[] w[as] guilty as charged, but also that [he is] in fact guilty as charged beyond a reasonable doubt."  *United States v. Mechanik*, 475 U.S. 66, 70 (1986).

Save for a limited exception not at issue here, "*any* error in the grand jury proceeding connected with the charging decision was harmless beyond a reasonable doubt." *Id.* at 70 & n.1; *see Lopez v. Riley*, 865 F.2d 30, 32 (2d Cir. 1989). Accordingly, such challenges to the grand jury proceedings are not cognizable. *See Lopez*, 865 F.2d at 32 ("If federal grand jury rights are not cognizable on direct appeal where rendered harmless by a petit jury, similar claims concerning a state grand jury proceeding are *a fortiori* foreclosed in a collateral attack brought in a federal court.") Where, as here, counsel is faulted for failing to seek dismissal based on defects in the grand jury proceedings, the petitioner will not be able to demonstrate that the alleged errors of counsel prejudiced him under *Strickland v. Washington*, 466 U.S. 668 (1984), thereby foreclosing a violation of the right to the effective assistance of counsel under the Sixth Amendment. *See Velez v. New York*, 941 F. Supp. 300, 316 (E.D.N.Y.1996) ("It necessarily follows as a matter of law that [the petitioner] cannot establish that any errors made by his trial counsel with respect to the grand jury proceeding prejudiced him, thereby foreclosing the possibility of a Sixth Amendment violation.").

Despite Griffin's contention that "[t]he issue is trial counsel's failure

to file a motion to dismiss the indictment on the basis that said indictment was secured through the [P]eople's knowing presentation of perjury to a grand jury, which is a claim that survives conviction and not that trial counsel failed to file a motion on any other grounds," (Dkt. No. 37 at 6), he overlooks the well-established law that *any* irregularity in the grand jury proceeding is not cognizable.  It is also notable that Griffin cites to no authority to support his contention.  Accordingly, on de novo review, Griffin's ineffective assistance of counsel claim premised upon the failure to seek dismissal of the indictment due to perjury in the grand jury proceeding is not cognizable and the R&R is adopted in that regard.[3]

As for the balance of Griffin's objection, the Court has carefully considered his arguments in light of the R&R and finds no clear error. Therefore, the R&R is adopted in full and the petition is dismissed and denied.

Accordingly, it is hereby

**ORDERED** that the Report-Recommendation and Order (Dkt. No. 29) is **ADOPTED** in its entirety; and it is further

---

[3] Even if the ground for relief was cognizable, for the reasons articulated in Lamanna's responsive memorandum of law, (Dkt. No. 42 at 18-19), which the Court adopts, the state court's rejection of this specific argument, *see People v. Griffin*, 128 A.D.3d 1218, 1220 (3d Dep't 2015), does not reflect an unreasonable application of clearly established federal law.

**ORDERED** that Griffin's petition (Dkt. No. 1) is **DISMISSED** and **DENIED**; and it is further

**ORDERED** that no certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) shall issue because Griffin has failed to make a substantial showing the denial of a constitutional right; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

Dated: April 30, 2024
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge