UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

─────────────────────────────────────

GARY GRIFFIN,

                              Petitioner,

    v.                                                    9:19-CV-0155
                                                                (BKS/DJS)
JAMIE LAMANNA,

                              Respondent.

─────────────────────────────────────

APPEARANCES:                                     OF COUNSEL:

THE MILLS LAW GROUP, PLLC                 JASPER LEE MILLS, III
Attorney for Petitioner
99 Pine Street
Suite 204
Albany, New York 12207

HON. LETITIA JAMES                            PAUL B. LYONS, ESQ.
Attorney for Respondent                       Ass't Attorney General
New York State Attorney General
The Capitol
Albany, New York 12224

BRENDA K. SANNES
Chief United States District Judge

## DECISION and ORDER

## I.    INTRODUCTION

Petitioner Gary Griffin sought, and was denied, federal habeas corpus relief pursuant

to 28 U.S.C. § 2254.  Dkt. No. 1, Petition ("Pet."); Dkt. No. 29, Report-Recommendation and

Order; Dkt. No. 30, Objection; Dkt. No. 37, Counseled Supplemental Objection; Dkt. No. 42,

Brief in Response to Petitioner's Objections; Dkt. No. 46, Summary Order; Dkt. No. 47,

Judgment.[1]

Presently before the Court is petitioner's counseled motion seeking an extension of time to file a notice of appeal.[2]  Dkt. No. 48, Motion; *see also* Dkt. No. 49, Notice of Appeal. Respondent opposes the motion.  Dkt. No. 51.[3]  Petitioner filed a brief reply.  For the reasons which follow, petitioner's motion is denied.

## II.    DISCUSSION

A notice of appeal in a civil case, where the United States is not a party, must be filed within thirty days after entry of the judgment or order from which the appeal is taken. Fed. R. App. P. 5(a)(2); 4(a)(1)(A); *see also Martinez v. Hoke*, 38 F.3d 655, 656 (2d Cir. 1994). "[T]he taking of an appeal within the prescribed time is 'mandatory and jurisdictional.'" *Bowles v. Russell*, 551 U.S. 205, 209 (2007). Here, the Judgment was filed on April 30, 2024. Dkt. No. 47.  For the Notice of Appeal to be timely, it had to be submitted on or before May 30, 2024.  Dkt. No. 48 at 2; Dkt. No. 51 at 3.  However, it was not.

Motions to extend the time to file a Notice of Appeal must be filed no later than thirty

---

[1]  After petitioner filed his reply to respondent's opposition to the Petition, Attorney Jasper Mills filed a notice of appearance on petitioner's behalf.  Dkt. No. 28.  Accordingly, everything that petitioner filed after the Court issued its Report-Recommendation and Order denying and dismissing the Petition has been with the benefit of counsel.  *See* Dkt. Nos. 30 & 37, Counselled Objection to the Report-Recommendation and Order; Dkt. No. 48, Motion to File Late Notice; Dkt. No. 49, Notice of Appeal.

[2]  As respondent notes, petitioner's counsel erroneously made the instant motion pursuant to Rule 4(b)(4) of the Federal Rules of Appellate Procedure, a provision which pertains to criminal cases.  Dkt. No. 51 at 3; Dkt. No. 48 at 1; Dkt. No. 52 at 2; FED. R. APP. PRO. 4(b) (entitled "Appeal in a Criminal Case").  Because a federal habeas corpus proceeding is a civil action, Rule 4(a) is the appropriate provision pursuant to which the Court will determine the instant motion.  *See e.g. Martinez v. Hoke*, 38 F.3d 655, 656-57 (2d Cir. 1994) (applying provisions of Rule 4(a) to a motion to file a late notice of appeal in a federal habeas corpus proceeding).

[3]  Respondent was initially given the opportunity to respond to the instant motion on or before July 12, 2024.  *See* Dkt. Entry for Dkt. No. 48 dated 06/21/24 (indicating deadlines).  On July 10, 2024, respondent timely filed a request for a brief, two-week extension of time.  Dkt. No. 50.  The request indicated that counsel had attempted to reach out to petitioner's attorney for consent to the extension; however, he had not yet received an answer.  *Id.* at 1.  Prior to the undersigned acting on the extension request, and before the proposed extended deadline, respondent filed a response.  Dkt. No. 51. The following day, petitioner filed a brief reply, without receiving prior permission from the undersigned, in which he did not object to the timeliness of respondent's opposition.  Dkt. No. 52.  All submissions have been considered by the Court and the request for an extension is denied as moot.

days after the time prescribed by Rule 4(a) expires, and the moving party must show

excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A)(i), (ii), (5)(C); *see also Martinez*,

38 F.3d at 656.  The thirty-day period for seeking an extension is a "strict jurisdictional

deadline." *Goode v. Winkler*, 252 F.3d 242, 245 (2d Cir. 2001).  "The district court lacks

jurisdiction under Rule 4(a)(5) to grant a motion filed beyond the 30-day extension period."

*Martinez*, 38 F.3d at 656.

Rule 4(a)(5) would be applicable to extend the notice of appeal deadline so long as the

request is filed by July 1, 2024.[4]  Here, petitioner's motion was filed with the Court on June

21, 2024.  Accordingly, it could be construed as a request to extend the deadline since it

satisfies the first prong of Rule 4(a)(5).

The next step is determining whether petitioner has established the second prong by

showing good cause or excusable neglect.  "The 'good cause' standard applies when the

need for an extension arises from factors outside the control of the movant; the 'excusable

neglect' standard applies when the need for an extension results from factors within the

movant's control." *Alexander v. Saul*, 5 F.4th 139, 142 (2d Cir. 2021); *see also* Fed. R. App.

P. 4 advisory committee's notes to 2002 Amendments (explaining that the two standards "are

not interchangeable, and one is not inclusive of the other," because both "have different

domains") (internal quotation marks and citations omitted).

In support of his request, Petitioner's counsel has filed a four-page motion and a letter

motion. The unsworn motion provides the following information. Counsel did not receive the

April 30, 2024 decision "until weeks later as counsel's staff (who is tasked with receiving,

filing and scheduling said documents) was . . . out of the office for both medical and personal

---

[4]  Thirty days from the date the deadline terminated was June 29, 2024; however, that was a Saturday.  *See* Fed. R. Civ. P. 6(a)(1)(c).

reasons." Dkt. No. 48 at 2. An unnamed person then incorrectly informed counsel that petitioner "was already in receipt of said decision." *Id.* Counsel "made several attempts" to set up telephone calls/consultations "to discuss the possibility to appeal the . . . decision," but "[i]t was not until June 21, 2024 that [counsel] confirmed that petitioner had never received the April 30, 2024 decision and that he wanted to pursue appeal of the judgment entered." *Id.* "It was not until June 21, 2024 that [it was] . . . confirmed that [p]etitioner had never received the . . . decision . . . and . . . wanted to pursue an appeal[.]" *Id.* Petitioner's counsel attributes the delay in filing the notice of appeal due "misrepresentations made, the overlapping absences of support staff" and "the inability to contact the petitioner" in custody. *Id.*

Petitioner's counsel provided additional information in an unsworn letter motion opposing defendant's request for an extension of time. (Dkt. No. 52). The letter motion states that "attempts to set up phone consultations" with petitioner "were constantly delayed," and that counsel made two attempts to meet with petitioner in person at the facility but was told that he could not go into the facility "because 'the count' had started, and it would take over two hours to clear. This made it impossible for [counsel] to stay in wait due to other scheduled court related matters." *Id.*

In determining whether an attorney's action or inaction is an appropriate reason for allowing a late notice of appeal to be filed, the Second Circuit has consistently applied the excusable neglect standard. *See Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 365-66 (2d Cir. 2003) (applying excusable neglect standard when movant sought extension because his counsel relied on opposing counsel's ultimately incorrect statement of when the filing deadline was and there was "confusion in the records and dockets of these cases."); *see also In re Johns-Manville Corp.*, 476 F.3d 118, 124 (2d Cir. 2007) (applying excusable neglect

standard to Rule 4(a) motion seeking extension where counsel made a mistake calendaring deadlines); *Alexander v. Saul*, 5 F.4th 139, 142-43 (2d Cir. 2021) (concluding that a petitioner's "failure to maintain contact with her attorney [was] a fact within her reasonable control," and she "was at least partially [at fault for her failure to timely appeal] due to her own inadvertence;" therefore, excusable neglect, rather than good cause, was the controlling standard).

A late claimant has the burden of proving excusable neglect. *Alexander*, 5 F.4th at 148. To determine whether he has established "excusable neglect" under Fed. R. App. P. 4(a)(5), courts consider the four factors outlined in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993). *Alexander*, 5 F.4th at 142. Thus, courts evaluate:

> [1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith. [*Pioneer*, 507 U.S. at 395.]
>
> In the typical case, the first two *Pioneer* factors will favor the moving party . . . And rarely in the decided cases is the absence of good faith at issue. . . . [Consequently] three of the factors usually weight in favor of the party seeking the extension, [so the Second Circuit] and other circuits have focused on the third factor: "the reason for the delay, including whether it was within the reasonable control of the movant."

*Silivanch*, 333 F.3d at 366 (internal citations omitted). Because "[t]he requirement of filing a timely notice of appeal is 'mandatory and jurisdictional,'" the Second Circuit has "taken a hard line in applying the *Pioneer* test." *Alexander*, 5 F.4th at 142.

In considering the reasons for the filing delay, the undersigned will follow the Second Circuit's direction to concentrate primarily on the third factor. *See Alexander*, 5 F.4th at 149

5

("Affording dispositive weight to th[e third *Pioneer*] factor accords with our precedents, which have described the reason for the delay as the most important *Pioneer* factor.") (citing cases). Respondent also focuses on the same, arguing that petitioner's counsel's explanations for the delay are insufficient to establish excusable neglect and, consequently, the third *Pioneer* factor favors denying petitioner's motion.  Dkt. No. 51 at 5-7.  The Court agrees.

The Court is sympathetic to the difficulties petitioner's counsel faces running a successful practice. However, "where, as here, the rules and court orders are clear, inadvertence, mistake, or carelessness of an attorney does not constitute excusable neglect." *Ales v. Stern*, No. 2:13-CV-6783, 2014 WL 950087, at *4 (E.D.N.Y. Mar. 11, 2014) (citing cases and quoting, *inter alia*, *Johns-Manville Corp.* which concluded that "absent extraordinary circumstances, attorney inadvertence is not excusable neglect."); *see also Redhead v. Conf. of Seventh-Day Adventists*, 360 F. App'x 232, 235 (2d Cir. 2010) (holding that "counsel's blunder – even if an honest mistake – would not have substantiated 'excusable neglect,' because the rule governing the grant of an extension to file a notice of appeal is unambiguous.").

Here, the core of counsel's explanation is that because he was understaffed (1) he did not timely open his mail and discover the Court's opinion and (2) he was unable to devote the needed time to personally confirm petitioner's intentions, relying instead on another unidentified source which was, ultimately, incorrect.  The absence of staff, even for extended periods of time, is an unfortunate, though not unexpected, situation in business.  Petitioner's counsel did not indicate, nor would the record support, that his ability to practice law was precluded by his support staff's absence.  Petitioner has failed to demonstrate extraordinary circumstances.

Moreover, at worst, petitioner's counsel's failure to remain current with the correspondence related to his active cases – whether it be written letters from petitioner or decisions from the Court – rises to the level of a blunder.  Additionally, petitioner's counsel's inability to successfully arrange and execute prompt meetings with petitioner to determine relevant litigation strategies -- because counsel's availability was so limited due to him attending to his other clients' needs without all the administrative support to which he was accustomed – could be characterized as innocent inadvertence.  However, as previously discussed, the Second Circuit has consistently held that those situations are insufficient to warrant the equitable remedy contemplated in *Pioneer*.  See *Redhead*, 360 F. App'x at 235. Petitioner has thus failed to establish excusable neglect.

III.    **CONCLUSION**

**WHEREFORE**, it is hereby

**ORDERED** that petitioner's motion to have his late Notice of Appeal accepted and filed by this Court, Dkt. No. 48, is **DENIED**; and it is further

**ORDERED** that the request for an extension, Dkt. No. 50, is **DENIED AS MOOT**; and it is further

**ORDERED** that, as is consistent with the Summary Order -- given none of the relevant circumstances to that inquiry have changed with the instant motion -- no certificate of appealability shall issue because petitioner failed to make a substantial showing of the denial of a constitutional right, Dkt. No. 46 at 10, and Dkt. No. 53 is **DENIED**; and it is further

**ORDERED** that the letter motion seeking to exceed the page limits for a motion for certificate of appealability, Dkt. No. 54, is **DENIED AS MOOT;** and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on the parties in

accordance with the Local Rules.

Dated: <u>October 23, 2024</u>

Brenda K. Sannes
Chief U.S. District Judge